United States Trust Company of New York et al., as Executors of and Trustees under the Will of Andrew Soher, Deceased, Respondents, *v.* Lë Roy Soher et al., Appellants.

1. Will — Trust for Accumulation of Income Void, When Beneficiaries Are Not in Being at Death of Testator — Real Property Law, §§ 51, 53; Personal Property Law, § 4. Where a decedent, leaving him surviving, as his heirs at law and next of kin, two sons, neither of whom was married and one a minor, under fourteen years of age, after making certain specific bequests, one of which was to his minor son to be paid upon his becoming of age, devised and bequeathed the residue of his estate to his executors in trust, giving them a power of sale of his property, and directing them to invest the proceeds thereof and from the income thereof to pay a fixed sum annually to each of his two sons, during the life of each, and the will further provided that upon the death of either of the sons one-half of the trust estate, including the accumulations of income, if any, should be distributed among the children of such deceased son or the issue of any such deceased child that should then survive; or, in case such deceased son should die without leaving any lawful child or the issue of any deceased child him surviving, then, in that event the trustees should deliver the same over to his brother in case he should then survive, or in case of his death to his lawful children or their issue in case of their decease; and decedent left a large estate, producing a large income which, after paying the annuities directed to be paid to the sons, leaves a large annual surplus; the trust created for the payment of annuities to the sons is valid, but the implied or contemplated accumulation of the surplus income for the bene- fit of decedent's grandchildren is invalid as violative of the statutes relat- ing to accumulations (Real Prop. Law, §§ 51, 53, L. 1896, ch. 547; and Pers. Prop. Law, § 4, L. 1897, ch. 417), since neither of decedent's sons were married, at the time of decedent's death, and consequently there were no grandchildren in being for whom the surplus could be accumu- lated under the statutes.

2. SAME — DISPOSITION OF SURPLUS INCOME WHEN PROVISION FOR ACCUMULATION THEREOF IS VOID — WHEN DISTRIBUTED TO HEIRS AT LAW AND NEXT OF KIN, AS IN CASE OF INTESTACY.  The statute (Real Prop. Law, § 53) providing that where there is no valid direction for the accumulation of rents and profits, they shall belong to the persons presumptively entitled to the next eventual estate, has, under the provisions of the will in question, no application; there are no grandchildren in being to whom, as the persons entitled to the next eventual estate, the surplus can be paid; the enforcement of testator's provision for the division of the surplus upon the death of either of his sons might result in an unequal disposition of the estate as between the sons; the survivor alone is given his deceased brother's share, so that the surviving brother would be presumptively entitled to the next eventual estate, but the court is given no authority to determine or to indulge a presumption as to which of the brothers will survive the other, and cannot, therefore, before the happening of that event, ascertain which one will be entitled to the estate; and, therefore, the surplus should be distributed between the sons as in case of intestacy, each taking one-half of the surplus as the heir at law or next of kin of his father.

*U. S. Trust Co.* v. *Soher*, 88 App. Div. 506, affirmed.

(Argued March 28, 1904; decided May 17, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1903, which modified and affirmed as modified a judgment of Special Term construing the will of Andrew Soher, deceased.

The facts, so far material, are stated in the opinion.

*Peter B. Olney* for Le Roy Soher, appellant.  The direction for accumulations for the benefit of unborn descendants was an essential part of the general scheme of the testator, and it cannot be cut out of the will, and the legal trusts preserved, without overturning the general purpose and intent of the testator and bringing about results never comtemplated by him.  Hence the whole scheme fails, the attempted trusts are void, and the defendants, the children of the testator, inherit as in case of intestacy. (*Matter of Butterfield*, 133 N. Y. 473 ; *Van Buren* v. *Dash*, 30 N. Y. 425 ; *Tilden* v. *Green*, 130 N. Y. 50 ; *Harris* v. *Clark*, 7 N. Y. 242 ; *Hascall* v. *King*, 162 N. Y. 152 ; *Cowen* v. *Rinaldo*, 82 Hun,

479 ; *Kalish* v. *Kalish,* 166 N. Y. 375 ; *Smith* v. *Chesebrough,* 176 N. Y. 322.) Retaining the so-called legal trusts, after cutting off the direction for accumulation, produces great inequalities in the distribution of the testator's property and brings about results not contemplated or intended by the testator. (*Hafner* v. *Hafner,* 62 App. Div. 316 ; *Benedict* v. *Webb,* 98 N. Y. 466.) The court was in error when it directed by its judgment that an annual sum should be deducted each year from the income to provide for the legacy of $15,000, to be paid to Rodney when he arrives at twenty-one years of age. (*Matter of Crane,* 164 N. Y. 80 ; *Dougherty* v. *Thompson,* 167 N. Y. 472.)

*Thomas N. Rhinelander* for Rodney Soher, appellant. The effect of the failure of the invalid accumulation upon the testator's general scheme is to be tested by the same rule of separability which applies in the case of any other invalid testamentary provision. (*Hascall* v. *King,* 162 N. Y. 134 ; *Hafner* v. *Hafner,* 62 App. Div. 316 ; *Cowen* v. *Rinaldo,* 82 Hun, 479 ; *Smith* v. *Chesebrough,* 176 N. Y. 317 ; *Van Vechten* v. *Van Vechten,* 8 Paige, 104 ; *Woodgate* v. *Fleet,* 44 N. Y. 1 ; *Smith* v. *Edwards,* 88 N. Y. 92 ; *Manice* v. *Manice,* 43 N. Y. 385.) The trust for the annuities, whether dual or single, is inseparable from the invalid scheme of accumulation and must fall with it. (*Schermerhorn* v. *Cotting,* 131 N. Y. 48 ; *Manice* v. *Manice,* 43 N. Y. 385 ; *Pray* v. *Hegeman,* 92 N. Y. 508 ; *Tilden* v. *Green,* 130 N. Y. 29 ; *Benedict* v. *Webb,* 98 N. Y. 460 ; *Cross* v. *U. S. T. Co.,* 131 N. Y. 330 ; *Matter of Butterfield,* 133 N. Y. 473.) If the trust provisions for the annuities can be upheld at all, they can only be upheld as one single trust, not two separate trusts. The conclusion of the Appellate Division, so far as the question may arise, should be sustained on this point, and also upon the point that if section 53 of the Real Property Law applies at all, the result, until the birth of issue, is an equal distribution of the surplus income. (*Vanderpoel* v. *Loew,* 112 N. Y. 177 ; *Locke* v. *F. L. & T. Co,* 140 N. Y. 135.)

*Edward W. Sheldon* and *Charles A. Deshon* for respondents. The primary trusts of the residuary estate during the respective lives of the testator's two sons are valid. (*Cochrane* v. *Schell*, 140 N. Y. 516.) The undisposed of income from the residuary estate belongs under the statute to the persons presumptively entitled to the next eventual estate in the respective shares of that residuary estate. (*Cochrane* v. *Schell*, 140 N. Y. 538; *Pray* v. *Hegeman*, 92 N. Y. 508; *Mills* v. *Husson*, 140 N. Y. 99; *Cook* v. *Lowry*, 95 N. Y. 103; *Gilman* v. *Reddington*, 24 N. Y. 9; *Kilpatrick* v. *Johnson*, 15 N. Y. 322; *Manice* v. *Manice*, 43 N. Y. 303; *Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Locke* v. *F. L. & T. Co.*, 140 N. Y. 135; *Embury* v. *Sheldon*, 68 N. Y. 227.) The distribution of the surplus income which the statute directs does not so modify the testamentary scheme as to invalidate the primary trusts. (*Matter of Tatum*, 169 N. Y. 514; *Matter of Russell*, 168 N. Y. 169; *Gould* v. *Rutherford*, 79 Hun, 280; *Roe* v. *Vingut*, 117 N. Y. 204; *Hendricks* v. *Hendricks*, 3 App. Div. 604; *Kalish* v. *Kalish*, 166 N. Y. 368; *Smith* v. *Chesebrough*, 176 N. Y. 317; *Phelps* v. *Pond*, 23 N. Y. 69; *Williams* v. *Williams*, 8 N. Y. 525; *Kilpatrick* v. *Johnson*, 15 N. Y. 322.)

HAIGHT, J. The question brought up for review involves the construction of the will of Andrew Soher, who died on the 9th day of February, 1901, in the city of New York, leaving the will in question, which has been duly admitted to probate by the surrogate of that county. He left him surviving as his only next of kin and heirs at law two sons, Le Roy, born in January, 1882, and Rodney, born in November, 1893. The testator, by his will, after making certain specific bequests, among which was one to Rodney of $15,000 upon his becoming twenty-one years of age, devised and bequeathed all the residue and remainder of his estate, real and personal, to his executors in trust, giving them a power of sale as to his real and personal property, and directing them to invest the proceeds and to apply the income by paying an annuity to each

of his sons, varying in amount but specifically fixed for each year until the amount reached $6,000 per year for Le Roy and $9,000 per year for Rodney, and thereafter such sums were payable yearly during the life of each. Upon the death of either of the sons one-half of the trust estate, including the accumulations of income, if any, was directed to be distributed among the children of such deceased son or the issue of any such deceased child that should then survive; or, in case such deceased son should die without leaving any lawful child or the issue of any deceased child him surviving, then, in that event the trustees were directed to deliver the same over to his brother in case he should then survive, or in case of his death to his lawful children or their issue in case of their decease. The testator left a large estate, consisting of real and personal property which produced an annual income of upwards of $50,000, which, after paying the annuities directed to be paid to the sons, has thus far left a surplus exceeding $40,000 per year.

We fully concur with the learned Appellate Division in the conclusions which it has reached to the effect that the trust created by the will is valid; that but one trust was created and that the implied or contemplated accumulation of the surplus income for the benefit of the grandchildren is in violation of the statute. As to the legacy payable to Rodney upon his becoming of age we have had some doubt as to whether it was payable out of the principal or income, but under the view which we take of the will it makes but little difference to the parties, and we have finally concluded to approve of the conclusions reached by the Appellate Division that it should be paid out of the income, if sufficient. There is but one question in the case which we propose to discuss and that arises out of the disposition that should be made of the surplus income.

Sections 51 and 53 of the Real Property Law (Chap. 547 of the Laws of 1896) provides as follows:

" All directions for the accumulation of the rents and profits of real property, except such as are allowed by statute, shall

be void.  An accumulation of rents and profits of real prop-
erty, for the benefit of one or more persons, may be directed
by any will or deed sufficient to pass real property as follows:

"1. If such accumulation be directed to commence on the
creation of the estate out of which the rents and profits are
to arise, it must be made for the benefit of one or more
minors then in being, and terminate at or before the expira-
tion of their minority.

"2. If such accumulation be directed to commence at any
time subsequent to the creation of the estate out of which the
rents and profits are to arise, it must commence within the
time permitted, by the provisions of this article, for the vest-
ing of future estates, and during the minority of the bene-
ficiaries, and shall terminate at or before the expiration of such
minority.

"3. If in either case such direction be for a longer term
than during the minority of the beneficiaries it shall be void
only as to the time beyond such minority."   (§ 51.)

"When, in consequence of a valid limitation of an expect-
ant estate, there is a suspension of the power of alienation, or
of the ownership, during the continuance of which the rents
and profits are undisposed of, and no valid direction for their
accumulation is given, such rents and profits shall belong to
the persons presumptively entitled to the next eventual
estate."   (§ 53.)

Section 4 of the Personal Property Law (Chap. 417 of
the Laws of 1897) contains substantially the same provi-
sions as that incorporated in section 51 of the Real Property
Law.  It will be observed that under the statute, whether
it be real property or personal property, the accumulation of
income or profits in order to be valid must be for the benefit
of one or more minors *then in being*.  Under the will, as we
have seen, there has been no disposition of the surplus profits
except in the clauses in which provision is made that upon
the death of one of the sons the one-half of the trust estate
consisting of the residue and remainder, including one-half of
all the profits and accumulations, shall be paid over and dis-

tributed to the children of such deceased son. It was, therefore, evidently intended that the surplus profits should accumulate during the lifetime of the sons for the benefit of their children and such accumulation is not limited to the period within the minority of such children. While an accumulation for the benefit of an unborn child, which commences after its birth and terminates during its minority, is lawful, the statute does not permit an accumulation for the benefit of an unborn child where the accumulation is to commence before its birth. (*Manice* v. *Manice*, 43 N. Y. 303, 376; *Haxtun* v. *Corse*, 2 Barb. Ch. 518; *Kilpatrick* v. *Johnson*, 15 N. Y. 322.) Neither of the testator's sons, at the time of the trial, had married, and consequently there were no grandchildren in being for whom the surplus could be accumulated. Its accumulation, therefore, was unauthorized and illegal, and it follows that it must be disposed of in accordance with the provisions of the statute. Under the Real Property Law to which we have called attention, the surplus income is required to be paid over to the persons who are " presumptively entitled to the next eventual estate." In order to determine who are the persons entitled to the next eventual estate we must examine the provisions of the will to which we have already referred. It, in substance, provides that upon the death of one of the sons one-half of the estate, including the surplus, is to be distributed among his children. The children of the sons are the persons, therefore, first entitled to the next eventual estate created by the will. The accumulation being illegal, the grandchildren, who would be entitled to receive the rents and profits when the period of accumulation ends, are permitted to anticipate the event which is to terminate the accumulation and to take at once the rents and profits which are undisposed of. (*Manice* v. *Manice, supra*, p. 385.) But, as we have seen, there are no grandchildren in being, and, consequently, the surplus undisposed of cannot be paid over to them. Under the will, the next estate created, after that to the grandchildren, is the one providing for the delivery of such estate, in the absence of

grandchildren, to the surviving brother.   Under this provision the claim is made that the sons of the testator are themselves entitled to the next eventual estate, that in case of the death of Le Roy without children his share goes to Rodney and in case of Rodney's death without children his share goes to Le Roy and that, therefore, the surplus should be evenly divided between them.   While this construction of the statute at first seems reasonable there are obstacles in the way which cause us to hesitate about adopting it.   It is quite evident that the testator intended to provide for his sons out of his estate upon substantially an equal basis.   It appears that his relation with them before his death was of the most cordial character, and while he provided an annuity for one of the sons some larger than to the other he had advanced to the other before his death the sum of $28,000.   It appears that Le Roy is of marriageable age.   Indeed it was stated upon the argument of this appeal that he had already married. Rodney is still an infant ten years of age.   Should a child be born to Le Roy then it might be claimed under this construction of the statute that the child so born, instead of Rodney, the brother, would take Le Roy's portion of the surplus while Le Roy himself would still continue to take Rodney's portion, thus giving to Le Roy and his family the entire surplus arising from the estate until Rodney arrives at marriageable age, is married and has children of his own, and that then his children would take the surplus, leaving him during life dependent only upon the annuity provided by the will.   It is difficult to believe that the testator ever intended or contemplated such an unequal disposition of his estate; but there is another difficulty with reference to the adoption of this construction of the statute and that is, that under the will the brothers take from each other.   The survivor alone is given his deceased brother's share, so that the surviving brother would be the person presumptively entitled to the next eventual estate.   But we are given no authority to determine or to indulge a presumption as to which of these brothers will survive the other and cannot, therefore, before the happening

of that event ascertain which will be entitled to the estate. In the case of *Phelps' Exr.* v. *Pond* (23 N. Y. 69, 84) SELDEN, J., after discussing the applicability of this statute to the next eventual estate created by the will in that case, says : "The case cannot, therefore, in any view be brought within the provisions of the statute, and hence, if, after deducting the payments for any year from the income of that year a surplus of income should remain that surplus would belong, not to the residuary legatees, but to the *next of kin*. In England income unlawfully accumulated goes to the heirs or next of kin as in cases of intestacy. (1 Jarman on Wills [5th ed.], 312.) Such would be the rule in this country were it not for the statute to which we have referred. (*Cochrane* v. *Schell*, 140 N. Y. 516, 539.) If, therefore, the provisions of the will do not bring the case within the provisions of this statute the surplus must be disposed of either under the statute of descents or of distribution. The statute does not say the ultimate, but the next eventual estate. (*Manice* v. *Manice, supra*, 385.) There are no grandchildren in being that can take the next eventual estate, and the provision with reference to the brothers is not only the ultimate estate, but we have no power to determine which brother will be the survivor of the other and be entitled to take. It, therefore, follows that section 53 of the Real Property Law does not apply to the provisions of the will in this case and, consequently, the surplus should be distributed between the sons as in case of intestacy, each taking one-half of the surplus as the heir at law or next of kin of his father.

We have discussed this question upon the assumption that the disposition of the surplus income derived from the personal property was the same as that derived from the real estate. It has been so held in *Cook* v. *Lowry* (95 N. Y. 103–108); *Mills* v. *Husson* (140 N. Y. 99–104).

The judgment in this case reserves the question as to the manner of the distribution of the surplus after the birth of grandchildren. We, consequently, have considered the question only, during the period that intervenes between the death

of the testator and the birth of grandchildren, expressing no opinion whatever as to the manner of the distribution thereafter. While we may differ in the reasons given, the result reached by us is the same as that by the Appellate Division.

The judgment should, therefore, be affirmed, with costs to all of the parties appearing in this court, payable out of the surplus moneys of the estate.

PARKER, Ch. J., GRAY, MARTIN, VANN and WERNER, JJ., concur; BARTLETT, J., votes for affirmance on the grounds stated in the opinion of the Appellate Division.

Judgment affirmed.