(56 Misc. Rep. 212.)

COCHRANE v. ALEXANDRE et al.

(Surrogate's Court, Oneida County. October, 1907.)

1. PERPETUITIES—ACCUMULATION OF INCOME.

A will provided for the payment of income of a share of the estate by the trustee to the guardian of the beneficiary, less the sum of $5,000 annually while under the age of 15 years and less the sum of $10,000 annually until majority, after which the beneficiary was to receive $15,000 annually until he was 25 years of age, at which time the principal sum is to be turn-

ed over, less so much as is required to produce an annual income of $10,-000, such latter sum to be held in trust for the beneficiary's life, with remainders over. *Held*, that the directions for accumulation of income during minority are invalid, so far as the accumulation is sought to be made a part of the fund to be held in trust after the beneficiary became of age, and on attaining majority he is entitled to such accumulation and the entire income without deduction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 67-73.]

2. JUDGMENT—RES JUDICATA.

Where trustees' accounts are settled from time to time during the minority of the beneficiary, the decrees rendered do not estop the beneficiary from asserting the invalidity of the provisions for accumulation of income on his becoming of age.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1214.]

Action by John W. Cochrane, trustee of James Joseph Alexander, deceased, against Leonie Alexandre and others, to construe a will. Motion for commission to take certain testimony denied.

Ernest P. Hoes, for plaintiff.

Eugene D. Alexander, for defendant Jerome Alexandre.

Augustus N. Hand, guardian ad litem, for defendant Natalie Alexandre.

Robert Thorne, guardian ad litem, for Leonie Alexandre.

J. Albert Lane, guardian ad litem, for defendants Helen L. Alexandre and others.

BISCHOFF, J. The question before me concerns the disposal of certain income accruing from a trust fund created for the benefit of the defendant Jerome Alexandre by the will of James Joseph Alexander, deceased. The will provided for the payment of the income by the trustees to the guardian of the beneficiary during infancy, less the sum of $5,000 annually while he should be under the age of 15 years, and less the sum of $10,000 annually during the succeeding period until his majority. Upon the beneficiary's attaining the age of 21 years, the trustees were directed to pay him the sum of $15,000 per annum until he should reach the age of 25 years, then to pay over to him the principal sum, less so much as would be required to produce an annual income of $10,000; this sum so deducted to be held upon trust for the beneficiary's life with certain remainders over. All accumulations of income within these provisions were directed to be added to the principal of the trust fund. The defendant Jerome Alexandre having attained the age of 21 years, and having asserted the right to the possession of all accrued income, as well as to the enjoyment of the full annual income now accruing from the trust fund, the plaintiffs have brought this action for a construction of the will, to the end that their duties may be defined.

There can be no doubt that the direction for the accumulation of income during minority was invalid, so far as the accumulated money was sought to be made a part of the fund to be held upon trust after the period of nonage had expired. Accumulations of income may be directed for one purpose only, and within a single period, for the benefit of an infant and during minority (4 Rev. St. [8th Ed.] pt. 2, c.

1, tit. 2, §§ 37, 38; Id. pt. 2, c. 4, tit. 4, §§ 3, 4; Real Prop. Law, Laws 1896, p. 568, c. 547, § 51; Pers. Prop. Law, Laws 1897, p. 508, c. 417, § 4); and, as judicially interpreted, the statute prohibits further disposal of the accumulated fund upon any trust, with the result that the beneficiary upon attaining his majority is entitled to the accumulations which have actually been made (Pray v. Hegeman, 92 N. Y. 508; Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302; Barbour v. De Forest, 95 N. Y. 13). So, too, within the same rule, the directions in the will before me for the accumulation of income after majority and during a future period are clearly invalid, and the beneficiary—presumptively entitled, as he is, to the "next eventual estate" upon his attaining the age of 25 years—becomes, by virtue of the statute, entitled to the income thus undisposed of by valid direction. Real Prop. Law, Laws 1896, p. 568, c. 547, § 53; United States Trust Co. v. Soher, 178 N. Y. 442, 450, 70 N. E. 970.

But, while conceding the invalidity of these directions for an accumulation, as an original question, the parties whose interests are favored by the carrying out of the directions contend that that defendant Jerome Alexandre is estopped by adjudication to assert that invalidity. It appears that during this defendant's minority successive accounting proceedings were instituted in the Surrogate's Court, to which proceedings he was a party, represented by special guardian, and that decrees were entered settling the accounts of the trustees, whose acts, in purported compliance with the will, were thus approved. Were the validity of the provisions for the accumulation involved in the very matter brought before the surrogate for decision, the decrees which expressed the ultimate result would be deemed to have concluded the question, notwithstanding that the point was not actually litigated (Thorn v. De Breteuil, 179 N. Y. 64, 71 N. E. 470); but, as I view the case, no such situation arose here. In none of these earlier proceedings was the question of the ultimate distribution or application of the accumulated income involved. The accounts show the fact that there had been an accumulation; but an actual inclusion of this fund with the principal trust fund was not suggested, nor was its propriety a matter for incidental decision.

To the extent that the will directed the accumulation during infancy, the accounts show that the trustees had observed it, by adopting a schedule to set forth the items of accumulations styled "special trust fund." So far, as to the validity of the will, the surrogate may be deemed to have registered a decision, but no further, since the accounts and the decrees settling them related wholly to the past, and nothing was asked or required in the way of a determination of the disposal of the "special trust fund." Needless to say no such determination could be appropriately made in the accounting proceedings, while the beneficiary was still a minor; for the contingency of his death during infancy left the situation an open one, as to which no decision upon a speculative state of facts could aid the trustees in their then duties nor affect the passing of the accounts. The surrogate's power to construe wills not being general in character, but confined by the statute to the necessities of the case before him and as incidental to his determination (Code Civ. Proc. § 2472; Id. § 2481, subd. 11; Washbon v. Cope,

144 N. Y. 287-295, 39 N. E. 388), the adjudication expressed by these decrees certainly did not extend to the status of the accumulated income at the time when the beneficiary should reach his majority. The case of Kirk v. McCann, 117 App. Div. 56, 101 N. Y. Supp. 1093, is directly in point, and is conclusive as an authority that there was no estoppel by adjudication on the facts before me. Again, and for still another reason, there was no adjudication upon the provisions of the will which related to the accumulations of income during the period between the beneficiary's twenty-first and twenty-fifth years. Here there was to be an accumulation only in the event that the income exceeded $15,000 per annum; and the necessary uncertainty as to this rendered the question quite immaterial, in any aspect to the passing of the accounts.

I conclude that upon the attainment of his majority the defendant Jerome Alexandre became entitled to the income accumulated during his infancy, and that he is also entitled to the full income from the trust fund as it accrues pending the payment over of the principal and the retention of the smaller trust fund by the trustees upon his reaching the age of 25 years.

The defendant Leonie Alexandre, an infant, the beneficiary of a trust upon identical terms, prays for a similar construction of this will as to her interests, depending upon her reaching the age of 21 years. All parties being before the court and a general construction being sought, the decree may properly cover this phase of the controversy; and it may be framed accordingly, with provision for costs to all parties payable out of the corpus of the two trust funds.

Form of decree may be presented on notice of settlement.

Judgment accordingly.