In the Matter of the Final Judicial Settlement of the Accounts of the ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, as Executor, etc., of THOMAS B. DUNN, Deceased.

LILLIAN DUNN TAYLOR and GEORGIANA DUNN TAYLOR, Infants, by and through ROBERT AVERILL, Special Guardian, Appellants; ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, as Executor, etc., of THOMAS B. DUNN, Deceased, Respondent.

Fourth Department, November 5, 1937.

*Robert Averill*, special guardian, for the appellants.

*George F. Bodine*, for the executor, respondent.

*Walter S. Forsyth*, for Frances Dunn Taylor, *amicus curiæ*.

SEARS, P. J.   Involved in this appeal is the construction of a portion of the will of Thomas B. Dunn.

After the bequest of certain chattels, the will provides for the creation of a trust of the residue, for its execution and for the payment of income and the distribution of the principal in the following language:

" *Third.*   I give, devise and bequeath to the Rochester Trust & Safe Deposit Company, Rochester, N. Y., all the rest, residue, and remainder of my property, both real and personal, in trust for and during the life of my daughter, Frances Dunn Taylor, and the life of my son, Thomas R. Dunn, to be invested and re-invested, and collect the income from said fund, and pay such income to the following-named persons, and in the following proportions:

" I direct my trustee to pay Forty Per Cent (40%) of the said income to my wife, Florence Lillian Dunn, during her life, provided said trust shall not be terminated before by the death of said Frances Dunn Taylor and Thomas R. Dunn.   In case the said trust shall be terminated by the death of said Frances Dunn Taylor and Thomas R. Dunn, before the death of my said wife, Florence Lillian Dunn, in that event, I give, devise, and bequeath to my said wife the sum of Four hundred thousand dollars.

" I direct my trustee to pay Fifteen Per Cent (15%) of said income to my son, Thomas R. Dunn, during his life.   Should he die before said trust is terminated, leaving children, the said Fifteen Per Cent (15%) income shall be paid to his children, share and share alike, and if he leaves no children, then, said income shall be paid to my daughter, Frances Dunn Taylor, during her life;

" I direct my trustee to pay Fifteen Per Cent (15%) of said income to my daughter, Frances Dunn Taylor, during her life. Should she die before said trust is terminated, leaving children, the said Fifteen Per Cent (15%) income shall be paid to her children, share and share alike, and if she leaves no children, then, said income shall be paid to my son, Thomas R. Dunn;

" I direct my trustee to pay Ten Per Cent (10%) of said income to my two sisters, Mary S. Dunn and Emmeline A. Dunn, share and share alike, and to the survivor during her life, provided that

said trust shall not be terminated before by the death of Frances Dunn Taylor and Thomas R. Dunn. In case said trust is terminated before the death of my two sisters, I then give and bequeath to my said two sisters the sum of Fifty thousand dollars, to be divided between them, share and share alike, the survivor to take the whole;

" I direct my trustee to pay Five Per Cent (5%) of said income to my niece, Ruth Conklin, and my nephew, William Conklin, share and share alike, during their lives, and the survivor to take the whole of said Five Per Cent (5%), provided said trust is not terminated before by the death of Frances Dunn Taylor and Thomas R. Dunn. In case the said trust is terminated before the death of my said niece and my said nephew, I give and bequeath to my said niece and nephew, and the survivor, the sum of Fifty thousand dollars.

" I direct my trustee to pay Ten Per Cent (10%) of said income to Robert C. Kershner and Mrs. Florence K. Osler, during their lives, share and share alike, provided said trust is not terminated before by the death of Frances Dunn Taylor and Thomas R. Dunn. In case said trust is terminated by the death of Frances Dunn Taylor and Thomas R. Dunn, before the death of said Robert C. Kershner and Florence K. Osler, I then give and bequeath to said Robert C. Kershner and said Florence K. Osler, or the survivor, the sum of Fifty thousand dollars.

" I direct my trustee to pay Five Per Cent (5%) of said income to Charles L. Willis and wife, and the survivor of them, of Oneida, N. Y., during their lives, provided said trust shall not be terminated before by the death of Frances Dunn Taylor and Thomas R. Dunn. In case said trust is terminated before the death of Charles L. Willis and wife, and the survivor, I give and bequeath to them or the survivor the sum of Ten thousand dollars.

" On the death of my said wife, Florence Lillian Dunn before the said trust is terminated, I give and bequeath the income which is payable to her to my two children, Frances Dunn Taylor and Thomas R. Dunn, share and share alike. In case of the death of any beneficiary other than my said wife and children before the termination of said trust, I give and bequeath the income such beneficiary received under said trust to my two children, share and share alike."

After certain further paragraphs not of importance here, the will contains the following final provision: " At the termination of said trust by the death of Frances Dunn Taylor and Thomas R. Dunn, I give and bequeath the residue of said trust fund to the lineal descendants of my children *per stirpes* and not *per capita*."

Thomas B. Dunn was survived by his wife, Florence, his daughter, Frances Dunn Taylor, and his son, Thomas R. Dunn. Thomas B. Dunn died on the 2d day of July, 1924. Thomas R. Dunn died on the 30th day of August, 1926, unmarried and without issue. Florence Lillian Dunn, testator's widow, died on the 26th day of October, 1936. Frances Dunn Taylor, testator's daughter, is still living. She has two living children, Lillian Dunn Taylor, now aged seventeen, and Georgiana Dunn Taylor, aged eight. These children are the appellants in this proceeding.

The specific question involved relates to the half of the forty per cent of the trust income directed in the first instance to be paid to Florence Lillian Dunn, the testator's widow, which after her death was by the terms of the will payable to Thomas R. Dunn. The question arises because of his death.

It is to be noted that in case of the provisions for the payment of other trust income given to the children of the testator there is a clause to the effect that in the case of the death of either during the duration of the trust the income provided for such deceased child should be paid to the children of such deceased child during the continuance of the trust and in default of children to the surviving child of the testator. Similar provisions occur as to other beneficiaries. No such provision is included in the paragraph we are particularly considering. (It may be noted that there is a like omission in the paragraph providing for payment of trust income to Robert C. Kershner and Mrs. Florence K. Osler.) The surrogate has held for sufficient reasons with which we agree that a provision for a cross-remainder between testator's children cannot be implied. Such an implication would not only do violence to the explicit language of the will but might have worked adversely to the interest of the children of the testator's child first dying had there been such children.

Confronted with the difficulty of determining the intention of the testator, the surrogate has held that there was an out and out bequest after testator's widow's death to each of testator's children of half of the forty per cent of the trust income which had been payable to the widow during her lifetime. Stress is put upon the words " give and bequeath " in the pertinent paragraph. This income, however, was income from the trust fund and was to be paid over by the executor by the very terms of the will creating the trust. The construction makes this income alienable contrary to the provisions of section 103 of the Real Property Law and section 15 of the Personal Property Law. Certainly so unusual a construction should not be resorted to in the absence of the clearest language even if it is legally permissible in any event. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381.)

We thus reach the conclusion that the interest of Thomas R. Dunn in this twenty per cent of the trust income ceased at his death and that the will makes no provision for the application of this share of the income during the continuance of the trust after his death. Under the terms of section 63 of the Real Property Law, made applicable to personal property by section 11 of the Personal Property Law (*Matter of Harteau*, 204 N. Y. 300), the income which was payable to the son during his lifetime was, after his death, during the continuance of the trust, payable to the persons presumptively entitled to the next eventual estate if a next eventual estate is provided for in the will. (*United States Trust Co.* v. *Soher*, 178 N. Y. 442.) It does not appear that the question as to who such persons are was litigated in the Surrogate's Court and we, therefore, remit the matter to the Surrogate's Court for further consideration.

For these reasons so much of the decree as is appealed from should be reversed on the law, with costs to the appellants payable out of the estate, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Decree so far as appealed from reversed on the law, with costs to the appellants payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.