Maximilian Moss, S.
The accounting executors request a construction of paragraph Ninth of testator’s will dated July 18, 1952, to determine whether its provisions were intended for the benefit of all his grandchildren including those who were born after his death, and if so construed whether the accumulation of income for their benefit authorized by testator is valid.
Testator died April 17, 1954, leaving him surviving Tillie Stoppick, his wife, Ethel Wexelbaum, his only child and Marcia, Eileen Mae and Martin Wexelbaum, children of his daughter Ethel. Adele Sue and Jerry Wexelbaum were born after testator’s death on August 25, 1955 and December 12, 1956 respectively. All- of testator’s grandchildren are under 14 years of age.
Testator created a trust of the residuary estate. The pertinent provisions of paragraph “Ninth” authorize the trustees to pay 80% of the income to testator’s wife and to accumulate 20% of the income “for the benefit of my minor grandchildren and shall be paid to them M equal proportions when the oldest grandchild reaches the age of twenty-one years.” Paragraph Twelfth provides: “At the death of my wife, Tillie, I direct that the trust herein shall terminate and that eighty percent (80%) of the corpus shall be distributed to my daughter, Ethel, and twenty percent (20%) to my then living grandchildren. ’ ’
The first question presented is whether the phrase ‘ ‘ my minor grandchildren” includes the two grandchildren born after testator’s death. In the opinion of the court the language of paragraph “ Ninth ” indicates testator’s intention to include grandchildren born after his death with those in being at his death. (Tucker v. Bishop, 16 N. Y. 402.) That intention becomes clearer by testator’s direction to distribute the income ‘‘ in equal proportions when the oldest grandchild reaches the age of twenty-one years.”
The use of the phrase “ in equal proportions ” is significant. It contemplates what is known as a “ sprinkling trust ” with income distributable equally for the time being among grandchildren in being, until the birth of another. (Cf. Matter of Missett, 136 N. Y. S. 2d 923, 926.) The accumulation of income will continue until the oldest grandchild reaches his majority. Thereafter the income is payable when it accrues, and terminates at the death of testator’s widow. Such a trust conforms with the rule laid down in United States Trust Co. v. Soher (178 N. Y. 442, 448) as follows: “ While an accumulation for the benefit of an unborn child, which commences after its birth *878 and terminates during its minority, is lawful, the statute does not permit an accumulation for the benefit of an unborn child where the accumulation is to commence before its birth (Manice v. Manice, 43 N. Y. 303, 376; Haxtun v. Corse, 2 Barb. Ch. 518; Kilpatrick v. Johnson, 15 N. Y. 322.) ”
The court therefore holds that Marcia, Eileen Mae and Martin Wexelbaum are entitled to the income of 20% of the trust fund equally from the date of testator’s death to August 25, 1955, which is the date of birth of Adele Sue, the first after-born grandchild; Marcia, Eileen Mae, Martin and Adele Sue equally from Adele Sue’s birthday to December 12, 1956, the birthday of Jerry, the second after-born grandchild; Marcia, Eileen Mae, Martin, Adele Sue and Jerry equally from Jerry’s birthday; and if there be any other grandchildren born hereafter, then pursuant to the foregoing formula. The income of the trust shall be accumulated until the oldest grandchild shall have reached 21 years of age. Thereafter it shall be paid as it accrues until the death of testator’s widow.
The second pertinent question relates to the validity of the trust. So far as it is material here, subdivision 2 of section 16 of the Personal Property Law provides that an accumulation of income of personal property is valid: “2. If directed to commence * * * subsequent to the death of the person executing it, and directed to commence within the time allowed for the suspension of the absolute ownership of personal property, and at some time during the minority of the persons for whose benefit it is intended, and to terminate at or before the expiration of their minority.”
The trust, being for the life of testator’s widow, is valid. The fact that during the term of the trust the income of 20% thereof accrues for the benefit of a number of grandchildren which may fluctuate from time to time does not affect the validity of the trust (see Smith v. Edwards, 88 N. Y. 92, 110). All other questions of construction are presently academic and will not now be determined. Proceed accordingly.