In the Matter of the Estate of AUGUST EICKELBERG, Deceased.

Surrogate's Court, New York County, December 30, 1929.

*Moses Altman*, for the petitioners.

*Williams & Rathbeger*, for administrators of estate of Annie McCall Eickelberg Mochrie.

*John J. Kirby*, for President and Directors of the Manhattan Company.

*Cornelius W. McDougald*, special guardian.

O'BRIEN, S. Objections have been filed to this intermediate accounting, the disposition of which requires a construction of paragraph 6th of the testator's will. That paragraph reads in part as follows:

" *Sixth.* I hereby give and devise my real property known as No. 934 Eighth Avenue, in the Borough of Manhattan, City and County of New York, to my executors, executrix and trustees hereinafter ·named, in trust to receive the rents and profits and apply them to the benefit of my said four children hereinafter named, during the life of my sons ELLIOTT F. S. EICKELBERG and GRAHAM ALEXANDER EICKELBERG, or either of them. And on the death of the survivor of my said sons ELLIOTT F. S. EICKELBERG and GRAHAM ALEXANDER EICKELBERG, I give, devise and bequeath absolutely and forever one-fourth ($\frac{1}{4}$) share or portion of the said real property described in this the Sixth paragraph of my Last Will and Testament, to each of my daughters, GRACE MAY EICKEL-BERG and ANNIE McCALL EICKELBERG MOCHRIE, and in the case of each of my said daughters who are deceased at said time the one-fourth ($\frac{1}{4}$) share or portion that would have been hers had she lived is to go to her children share and share alike. And in case either of my said daughters shall have died without issue then living, then her one-fourth ($\frac{1}{4}$) share or portion to go to the survivor of my said daughters absolutely and forever. And on the death of

the survivor of my said sons ELLIOTT F. S. EICKELBERG and GRAHAM ALEXANDER EICKELBERG, I give, devise and bequeath one-fourth ($\frac{1}{4}$) share or portion of the said real property described in this the Sixth paragraph of my Last Will and Testament to the children of my son ELLIOTT F. S. EICKELBERG share and share alike; and the remaining one-fourth ($\frac{1}{4}$) share or portion to the children of my son GRAHAM ALEXANDER EICKELBERG, share and share alike. And in case either or both of my said sons shall have died without issue then living, then the one-fourth ($\frac{1}{4}$) share or portion that would have gone to such issue to go to my surviving child or children if any, share and share alike, to be theirs absolutely and forever. In case none of my said four children should at that time be surviving, then my said real property is to be divided equally between the children of my said four children, share and share alike and not *per stirpes*, to be theirs absolutely and forever. * * * "

The testator died on April 30, 1923, leaving him surviving four children, Grace, Annie, Elliott and Graham. Grace died unmarried on March 16, 1928. Annie died on June 22, 1929, leaving her surviving two daughters. The two sons of the testator are still alive. The question arising here is whether the remainder to take effect upon the termination of the trust is vested or contingent. I hold that the remainder is contingent. By the terms of paragraph 6th a valid trust was created to continue during the lives of the testator's two sons, with the rents and profits in the mean time to be applied to the benefit of his four children. On the death of the survivor of the two sons he devised a one-fourth share to each of his two daughters outright. He then provided for the contingency: " and in the case of each of my said daughters who are deceased *at said time* the one-fourth share or portion that would have been hers had she lived is to go to her children share and share alike." The time referred to must be held to be the death of the survivor of the two sons. Only then can the class of children who are to take in the event of their mother's death be ascertained. The word " children " must be held to include any and all children who may survive their mother, either of testator's daughters. The testator then provided for the further contingency: "and in case either of my said daughters shall have died without issue then living, then her one-fourth share or portion to go to the survivor of my said daughters absolutely and forever." His intention is thus clear that vesting of the remainder was to be postponed until division and distribution of the estate was to be made. It is urged that the words of present gift contained in the first part of the paragraph of a one-fourth share to each of his two daughters on the death of the sons was indicative of an intent on the part of the testator to vest the remainder in

them immediately on his death. This is a canon of construction which may be resorted to when the intention of the testator is not readily ascertainable, but when his intention, as here, is clear, it must be given effect. In *Matter of Buechner* (226 N. Y. 440) there were words of present gift and yet from the context of the will the court found that the testator intended a contingent remainder. Judge CARDOZO, writing for the court there, said: " This is no case again for subtle distinctions between directions to pay or distribute, and words of present gift (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 583; *Matter of Baer*, 147 N. Y. 348). Such tests may help to ascertain the membership of a class not otherwise defined. There is no need to resort to them when the testator has defined the membership himself. * * * We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail."

Further evidence of the contingency of the remainder is found in the provision in paragraph 6th that, " In case none of my said four children should at that time [the death of the sons] be surviving, then my said real property is to be divided equally between the children of my said four children, share and share alike and not *per stirpes*, to be theirs absolutely and forever." As to the rule urged on behalf of some of the interested parties here, that where there is a bequest or devise to one person absolutely and in the event of his death to another, the contingency referred to is the death during the life of the testator, such rule has no application to this case because, as pointed out in *Matter of Baer* (*supra*, at p. 354): " The rule is never permitted to operate in a case where, as here, a point of time for distribution is mentioned other than the death of the testator, or where a life estate intervenes, or where the context of the will contains language indicating a contrary intent. (*In re Denton*, 137 N. Y. 428; *Washbon* v. *Cope*, 144 N. Y. 297; *Benson* v. *Corbin*, 145 N. Y. 351; *Stokes* v. *Weston*, 142 N. Y. 433; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Fowler* v. *Ingersoll*, 127 N. Y. 472.)" The time fixed for the distribution of the remainder here is the date of death of the survivor of the testator's two sons. For the reasons hereinabove stated, the remainder is contingent.

*The two daughters of the testator having died, and the trust being still in effect, the income of the trust which was payable to the daughters during their lives is now payable to the persons presumptively entitled to the next eventual estate. (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364.) Under the terms of the will the ultimate remaindermen, upon the death of the survivor of the two sons, are the*

*children of the daughters and the sons of the testator, who take the remainder in equal shares per capita and not per stirpes.* They are, therefore, entitled now as presumptive remaindermen to share equally in the income which prior to their deaths was payable to the two daughters of the testator. The decree should, therefore, provide that one-half of the income of the trust under paragraph 6th shall be paid in equal shares to all of testator's grandchildren now living. The other one-half of the income should be paid as heretofore, one-fourth each to the two sons of the testator.

Proceed accordingly.