In the Matter of the Estate of REUBEN R. SCUDDER, Deceased.

Surrogate's Court, Suffolk County, September 26, 1935.

*Theron H. Sammis*, for the petitioner.

*Hilary Corwin*, for Russel F. Sammis and others.

*John H. Taylor*, for Emma V. Scudder.

PELLETREAU, S.  Reuben R. Scudder died September 18, 1881, leaving him surviving a widow and one son, Charles B. Scudder.

His will was admitted to probate by the surrogate of Suffolk county and duly filed and recorded in Suffolk county surrogate's office October 11, 1881.

The will, paragraph 3, provided that $2,000 be set aside as a trust fund, the income from which was to be paid his widow during her life; and another $2,000, the income from which was to be paid his widow so long as she remained such, and that upon her death, the principal of these sums should be added with and become part of the residue of his estate, to be disposed of as provided in the following paragraph of his will.

Paragraph 4 of the will provides that the residue of the estate be held in trust to pay the income to the child or children of testator during their lives and " *at their decease* I give, bequeath and devise all of the said residue and remainder to *such persons as shall be the heirs at law and next of kin of the aforesaid child or children.*"

Charles B. Scudder died, a resident of Suffolk county, on the 23d day of December, 1934, *leaving no descendants, no father or mother, no brothers or sisters and no descendants of any deceased brothers or sisters.*

On the death of Charles B. Scudder the trust terminated, and the substituted trustee on this accounting asks the surrogate to determine who is entitled to the principal of the trust funds.

The claimants are Emma V. Scudder, widow of the only child of testator, Charles B. Scudder, and certain nephews and nieces and grandnephews and nieces of the testator's wife.

There are two questions involved:

1. What date did the testator intend the *class* (the heirs at law and next of kin) should be determined? The same should be determined as of the date of the death of Charles B. Scudder, the son of the testator. That is the law.

2. What persons constitute that *class*? In my opinion the persons constituting that class are determined in *this* case by the Decedent Estate Law in effect when Charles B. Scudder died. All distinctions between persons who take as heirs at law or next of kin are abolished by section 81 of that law.

The Court of Appeals, in *Matter of Chalmers* (264 N. Y. 239, 243), uses this expression: " The testator in using the terms ' heirs at law ' and ' next of kin ' intended to describe the persons who would take real or personal property in accordance with the provisions of the Decedent Estate Law." Charles B. Scudder left a widow, no descendants, parents, brother or sister, niece or nephew. In that situation the entire estate goes to the widow under subdivision 4 of section 83 of the Decedent Estate Law, and she is the lawful owner thereof.

Decree accordingly.