In the Matter of the Construction of the Will of Hattie G. Coetright, Deceased.

Surrogate's Court, New York County, January 17, 1951.

*Alfred R. Bunnell* for Emma G. Bailey, petitioner.

*Nathan Lottman* for Harry Gumaer and another, respondents.

*Samuel Roberts Taylor*, as surviving trustee under the will of Hattie G. Cortright, deceased, respondent in person.

*Robert B. Hamilton* for American Surety Company, respondent.

FRANKENTHALER, S. This is a proceeding to construe the will of the testatrix to determine the person or persons presently entitled to the income of a trust created thereunder. Petitioner also seeks to determine whether the remainders after the termination of the trust are vested or contingent. In paragraph eighteenth of the will, testatrix bequeathed one third of her residuary estate in trust, the income thereof to be paid to her brother Lewis for life and upon his death " to his daughter, Charlotte Gumaer, and to his son, Harry Gumaer, in equal shares during the life of Harry Gumaer." The remainder of the trust was bequeathed to Charlotte and to the heirs at law of Harry. The will provides, however, that if Charlotte shall predecease Harry, the entire remainder shall be paid to the latter's heirs at law.

Lewis Gumaer, the primary life tenant, survived the testatrix and has since died, survived by Harry, his son. Charlotte, however, designated as secondary life tenant with Harry for the life of the latter, predeceased her father. It is the disposition of her share of the income, for which no provision was made in the will, which is here the subject of controversy.

The claim of Harry, the surviving life tenant, to the entire income of the trust cannot be sustained. No specific gift was made to him of the share which would have been payable to Charlotte had she survived the primary life tenant, nor is there any basis for a finding that the income was given to the beneficiaries jointly or as a class, with rights of survivorship. The mere fact that the death of Harry will terminate the trust indicates that mutual rights of survivorship in the income thereof were not intended.

No disposition having thus been made of the income to which Charlotte would have been entitled, that income is payable " to the persons presumptively entitled to the next eventual estate " (Real Property Law, § 63; Personal Property Law, § 11; *Matter of Harteau,* 204 N. Y. 292). The share of the corpus upon which that income was earned was given under the terms of the will to the heirs at law of Harry. Hence, the persons who

now stand as his presumptive heirs are entitled to the income thereof. The latter's closest kin at present are a sister, Emma G. Bailey, who is the petitioner herein, and his wife. They are the persons who would inherit his estate were he now to die intestate. The status of the wife as an heir, however, is dependent upon the applicability to this proceeding of section 47-c of the Decedent Estate Law, that section, whose effective date was March 28, 1938, (L. 1938, ch. 181) provides: " When used in a statute, in a will or in any other written instrument prescribing the devolution of property rights and unless the statute, the will or the instrument shall expressly or impliedly declare otherwise the terms ' heirs,' ' heirs at law;' ' next of kin ' and ' distributees ' and any terms of like import shall be deemed and shall be construed to mean *the distributees, including a surviving spouse,* who are defined in section eighty-three of Decedent Estate Law " (emphasis supplied).

It is contended that the foregoing provision is not applicable herein because the original testatrix died in 1934 prior to its enactment. Of course, it is not her heirs who are here to be determined but the heirs of one who has survived the effective date of the statute. Were the question thus presented one of first impression, this court would be inclined to view the section as determinative. Normally, it is to be presumed that a testator in limiting property to the heirs of a named person intends the property to pass to those who would be his heirs and entitled to inherit his property at the time of his death, realizing that lines of inheritance may be changed by statute during the period prior to the vesting of the property (*Matter of Koch*, 282 N. Y. 462; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127).

The passage of the statute was made necessary by the rule laid down in *Matter of Waring* (275 N. Y. 6) wherein it was stated that a gift to the " heirs " of a designated person did not include his spouse. The enactment of the provisions of the law regarding the descent and devolution of property on intestacy (L. 1929, ch. 229), it was said, did not make a spouse an heir within the meaning of such an instrument. The note of the draftsman of section 47-c states: " This amendment (section) * * * is intended to supplement the amendments to Section 83 of Decedent Estate Law recommended by the Commission to Investigate Defects in the Law of Estates and subsequently enacted by the legislature. The new amendment seems to be required because of comment contained in the opinion in *Matter of Waring* (275 N. Y. 6). In that case the

decision was made upon the basis that the language of a will of a person who died in 1907 was to be interpreted in any event in the light of the statute as it existed in 1907. In its opinion, however, the court went beyond the immediate issues in the case and said that the amendment to Section 81 of Decedent Estate Law effected by Chapter 174 of the Laws of 1930 prescribed only a rule for construction *of a statute* and that the amendment did not have the effect ascribed to it in the lower court decisions on the subject. The amendment proposed is designed to carry into effect the intent of the revision proposed by the Commission to Investigate Defects in the Law of Estates and to establish beyond controversy that a surviving spouse is to be deemed included among distributees as they are deemed to be defined by the words ' heirs,' ' heirs at law ' and ' next of kin ' and the like. The amendment is in line with the general purposes of the legislation in 1929 and 1930 designed better to protect surviving spouses."

The scope of the applicability of the new section, however, apparently has been established by the Court of Appeals, thus foreclosing further inquiry. *Matter of Wolf* (284 N. Y. 644), which has been cited for the proposition that the statute should not be applied retroactively, involved a case in which the life tenant, whose heirs were designated to take the remainder, as well as the testator, died prior to its enactment. The court held that the statute was by no means intended to apply to such a case. The case at bar involves a life tenant who is still living and whose death must take place after the effective date of the statute. This situation was ruled upon in *Trowbridge* v. *First-Stamford Nat. Bank & Trust Co. of Stamford, Conn.* (182 Misc. 180). Mr. Justice Schreiber there held that the statute would be retroactively applied if it were held applicable to this situation although it was the life tenant whose heirs were involved and the latter had died after the statute was enacted. He accordingly held that the section was inapplicable. (See, also, *Matter of Lake,* 170 Misc. 840.) The case was affirmed, without opinion, by the Appellate Division (268 App. Div. 768) and on appeal was affirmed, again without opinion, by the Court of Appeals (294 N. Y. 785). The note of the State Reporter, prepared from the papers on appeal, states, however: ". Appellant did not contend in the Court of Appeals *for* the application of section 47-c of the Decedent Estate Law, enacted after the date of the trust, and which, in effect, makes the term ' heirs at law ' inclusive of a widow when used in a written instrument. Her contention was rather that said sec-

tion 21 of chapter 229 of the Laws of 1929 did not render the new concept of heirs at law inapplicable to pre-existing *inter vivos* trusts since section 21 dealt only with estates and wills. Respondents contended that the cases of *Matter of Waring* [*supra*] and *Matter of Battell* (286 N. Y. 97.) applied in principle to *inter vivos* trusts and were conclusive against appellant's contentions.''

*Matter of Cohn* (184 Misc. 258), however, appears to be a final adjudication upon the question at hand. In that case, the heirs of a life tenant whose heirs were named to take the remainder after the death of the life tenant, were a husband and an adopted son. The life tenant died in 1942. The Surrogate held that the adopted child took the entire remainder to the exclusion of the husband, the original testator having died prior to the enactment of the statute in question. The Surrogate held that the statute was intended to be prospective in the sense that it was to apply only to the *wills* of persons dying after its effective date and not merely to cases in which the life tenant so died. The case was affirmed, without opinion, by the Appellate Division (271 App. Div. 775), and again affirmed by the Court of Appeals, without opinion (297 N. Y. 536). Although the major portion of the lower court opinion dealt with the includibility of an adopted child as an heir (see Domestic Relations Law, § 115), the court, as heretofore noted, also ruled upon the status of a spouse. The affirmance by the Court of Appeals must be taken to indicate approval of the ruling with regard to the husband.

Accordingly, the court holds that the presumptive heirs of Harry Gumaer, within the meaning of the will here involved and of section 63 of the Real Property Law, include at this time only Emma G. Bailey, and that the latter is entitled to the one-half share of the income which would have been payable to Charlotte Gumaer. The contention of the trustee that the heirs should be determined under the law of California, the State in which Harry resides, cannot be sustained (*Matter of Battell*, 286 N. Y. 97, *supra*). It may be noted that the petitioner here makes no claim to the income paid out by the trustee prior to January 1, 1950.

The court further holds that the remainders to take effect upon the termination of the trust are contingent and not vested (*Clowe* v. *Seavey*, 208 N. Y. 496; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127, *supra; Mersereau* v. *Katz*, 197 App. Div. 895).

Upon the application of petitioner, the surviving trustee is directed to file his account within sixty days after the entry of

the decree hereon. The attorneys who have requested allowances pursuant to section 278 of the Surrogate's Court Act, are directed to submit affidavits in support thereof.

Submit, on notice, decree accordingly.