In the Matter of the Accounting of NEW YORK TRUST COMPANY, as Trustee under the Will of CORNELIA L. KILBOURNE, Deceased.

Surrogate's Court, New York County, January 23, 1953.

*Humes, Smith & Andrews* for trustee, petitioner.

*Stewart W. Bowers* and *Joseph Carlino* for Noah Darois, respondent.

*James E. O'Kane* for Elizabeth R. Kilbourne, respondent.

*Lillian N. Kooperstein,* special guardian for unknown persons who may be heirs of testatrix, respondent.

*Harold E. Nagle,* special guardian of unknown persons who may be heirs of deceased life tenant, other than her surviving spouse, respondent.

*Nathaniel L. Goldstein, Attorney-General (Julius Greenfield* of counsel), for unknown beneficiaries.

FRANKENTHALER, S. The beneficiary of the residuary trust having died without issue, the accounting trustee requests a determination of those who would take as " heirs " of the life beneficiary in accordance with decedent's will. Testatrix created a trust of the residue of her estate, with the income payable to her son Alanson and her daughter Cornelia in equal shares for their respective lives, with power in each to invade the prin-

cipal of the trust to the extent of one half thereof. The will then provided: '' Upon the death of either of my said children, I direct that the one-half of my estate held in trust for him or her, be paid to his or her issue, and if such deceased child has no issue, then that said one-half of my estate so held in trust, for such deceased child be paid to his or her heirs ''.

Alanson predeceased testatrix, who died in 1919, leaving two children who survived her, and his share of the residuary estate was distributed outright to them. Decedent's daughter Cornelia died June 24, 1951, without issue or other known heirs, but survived by her husband, Noah Darois, who claims the entire principal of the trust as the sole '' heir '' of Cornelia. Alanson's two children died without issue before Cornelia and his widow, Elizabeth R. Kilbourne, alleges that testatrix intended to benefit the heirs of the heirs of the life beneficiary, determined as of the date of decedent's death, and that she is therefore entitled to the principal on hand. No possible heirs or next of kin other than these two respondents having been located, the Attorney-General of the State of New York has appeared and requests that the corpus be paid to the Comptroller of the State of New York for the benefit of unknown persons who may hereafter appear and present valid claims thereto.

It is not disputed that under the law in effect on the date testatrix died neither child's surviving spouse would be an '' heir '' of such child nor is it questioned that under section 47-c of the Decedent Estate Law, in effect at Cornelia's death, the term '' heirs '' included a surviving spouse. In *Matter of Cortright* (200 Misc. 281), under circumstances similar to those here presented, this court held, following *Matter of Cohn* (184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536), that the surviving spouse was not an '' heir '' within the meaning of the applicable statutes. The controlling authorities were recently reviewed by this court in *Matter of Lefferts* (112 N. Y. S. 2d 874, affd. 281 App. Div. 653, motion for leave to appeal denied 281 App. Div. 745). The claim of Noah Darois must therefore be disallowed.

There is nothing to indicate that testatrix used the term '' heirs '' in other than its usual meaning and the claim of respondent, Elizabeth R. Kilbourne, is also disallowed. In the absence of any proof as to the identity of the persons who are the heirs of the deceased life beneficiary, the court holds that the trust corpus should be paid to the Comptroller of the State of New York for the benefit of such person or persons

who may hereafter be shown to be entitled thereto. The compensation of the attorney for the trustee has been fixed pursuant to section 231-a of the Surrogate's Court Act.

Submit decree on notice construing the will and settling the account accordingly.