In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK et al., as Trustees under the Will of CLARE NELSON, Deceased.

Surrogate's Court, New York County, February 16, 1953.

*John E. Roeser* for trustees, petitioners.

*Wrenn & Schmid* for Mary E. Nelson, as executrix of Dean Nelson, deceased, respondent.

*Morris Weinfeld,* special guardian for Richard J. Vogt and another, infants, respondents.

FRANKENTHALER, S. The trustees have requested instructions as to the persons to whom the income from the trust created by paragraph fifth of decedent's will is payable. After providing for the payment of debts, and making cer-

tain specific bequests, testator placed the residue of his estate in trust to be held as follows: " the annual net income thereof up to the sum of Two Thousand ($2,000) Dollars shall be paid to my said stepson Marvin (Smith) so long as he lives and in any year when the said annual net income is in excess of said sum of Two Thousand ($2,000) Dollars such excess shall be paid over in equal shares to my said stepson and to my said brother Henry (C. Nelson) during their respective lives and on the death of either the income that would have been received by the one so dying, had he lived shall during the life of the survivor, be paid over in equal shares to my sister Florence (R. Thomas) and my brother Dean (Nelson), but the trust shall terminate on the death of the survivor of said Marvin and Henry ".

Upon the termination of the trust testator provided that the principal should be divided into seven parts, of varying percentage amounts, and paid over to certain charities, and other persons. Most of these residuary bequests are subject to the conditions of survivorship of the legatee, or to agreement by the legatee to comply with various requirements imposed on the gifts by the testator.

The principal presently in the hands of the trustees amounts to about $117,000 and income in excess of $2,000 per annum is being realized from the trust corpus. Marvin Smith, the primary income beneficiary, is still living; Henry C. Nelson, the secondary life beneficiary, died in 1946 and thereafter payments of half the income in excess of $2,000 were made to Florence R. Thomas and Dean Nelson until October 16, 1951, when Dean Nelson died. The will makes no provision for disposition of the share of income formerly paid to Dean Nelson and the trustees ask instructions from the court as to the disposition of such income.

As paragraph fifth expressly provides that one half the income in excess of $2,000 " be paid over in equal shares to my sister Florence and my brother, Dean ", it is clear that the testator did not intend the entire amount of excess income to be paid to Florence as the survivor of Florence and Dean (*Matter of Cortright*, 200 Misc. 281). As no other provision of the will relates to the excess income there is an intestacy as to this amount.

Where income is thus undisposed of by the will, section 63 of the Real Property Law provides that " such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." Even though some of the presump-

tive remaindermen may ultimately fail to receive their respective shares of the corpus because of failure to meet the conditions imposed by the testator, payment of proportionate shares of the income need not await the time when ultimate ownership of the property can be precisely ascertained as such a delay would permit the very accumulation which the law has forbidden and which section 63 was designed to avoid (*Matter of Kohler,* 96 Misc. 433; *Matter of Eickelberg,* 135 Misc. 581; *Matter of Cortright,* 200 Misc. 281, *supra*). Accordingly the court holds that the undisposed of trust income should be divided among and paid to the presumptive residuary legatees in the respective percentage amounts of trust principal to which such legatees are entitled.

Submit decree on notice settling the account accordingly.