In the Matter of the Accounting of LESTER G. CLARK et al., as Trustees under the Will of MARY S. CHILDS, Deceased.

Surrogate's Court, Suffolk County, July 12, 1955.

*William Stackpole* for trustees, petitioners.

*David L. Glickman,* special guardian of Henry A. Childs, Jr., and others, infants.

HAZLETON, S. In the construction phase of this proceeding, it appears that in the several trusts set up in Clauses B, D and F, of her will, the testatrix provided that " from the income and so much of the principal of the trust fund as may be needed or required from time to time (it being my expectation that the income will be insufficient for the purposes specified) ", there is to be paid each beneficiary " an annuity or total net sum of five thousand * * * dollars in every year ".

Although the petitioners have paid to the beneficiaries annually the sum of $5,000, they now find on their hands surplus income from each trust, and hence seek instructions from this court as to those persons entitled to receive such income and any future surplus income.

By her will the testatrix established a definite testamentary scheme for the disposition of her property and accomplished this by the establishment of several trusts for the purpose of paying a fixed annuity income successively to her husband, son and grandchildren, with the remainder to her great-grandchildren. The authorities involving language similar to that under consideration herein indicate that surplus income in such cases has been considered as being undisposed of. (*Matter of Bamberger,* 163 Misc. 549; *Matter of McAvoy,* 171 Misc. 730.) In the instant case, the direction to make up deficiencies out of principal clearly indicates that the testatrix was not merely fixing a formula for the creation of a fund, but rather was more concerned with the net amount that the beneficiary would receive each year. It is clear that the intention is that the beneficiary receive $5,000 a year, no more no less.

It is ordinarily the rule that the undisposed or surplus income of a trust must be paid to the persons presumptively entitled to the next eventual estate. Section 63 of the Real Property Law so provides. However, it is also clear that where the language of a will under which a trust was created is so comprehensive as to include and dispose of such income, it should be distributed according to that provision of the will.

However, in this instance, the testatrix by her will did not dispose of any surplus income. Indeed, the testatrix contemplated only that there would be insufficient income. The will is silent as to the disposition of surplus income in this instance.

For the application of section 63 of the Real Property Law, there are four conditions precedent which must be met. These are: (1) a valid limitation of an expectant estate; (2) a suspension of the power of alienation; (3) no disposition of surplus income or profits; and (4) no valid direction for accumulation of surplus income or profits.

It is clear under the provisions of the trusts created by Clauses B, D and F of this will that the children of the present life income beneficiaries (in Clause B the children of Henry A. Childs, in Clause D the children of Mary Eversley Forsdick, and in Clause F the children of Margherita A. Fidao) have an expectant future estate. The limitation regarding this future estate is valid, it being limited to two lives in being at the time of the creation of the trust, i.e., Eversley, Jr., who is now dead, and Henry A. Childs, who is now living.

At the present time, there is a suspension of the power of alienation, albeit a valid suspension. There are no persons at the present time who could validly alienate the trust property. This is true in view of the fact that the classes of remaindermen, the children of Henry A. Childs, Mary Eversley Forsdick and Margherita A. Fidao, are subject to opening for after-born children. There is no disposition made in the will of surplus income and, lastly, there is no distribution or valid direction for the accumulation of income or profits.

Thus, all of the conditions precedent to the application of section 63 of the Real Property Law are present. This being true, the ultimate question to be determined by this court is the meaning of the phrase in the statute, " next eventual estate ". Early cases considering this question have made a distinction between vested and contingent remainders. (See, e.g., *United States Trust Co.* v. *Soher,* 178 N. Y. 442.) The effect of this distinction as made is that if the remainder was found to be contingent, the courts in some instances have not applied section 63 distributing the excess income pursuant to the intestacy laws; if vested, the courts have ruled such income to be distributed to vested remaindermen. Recent decisions have settled the confusion caused by these early cases and have held that excess income is distributable to the persons presumptively entitled to the next eventual estate — in this case, the children of Henry A. Childs, Mary Eversley Forsdick and Margherita A.

Fidao. Thus, in *Matter of Shupack* (158 Misc. 873), the will under consideration provided for the holding of the residue of the estate in trust with a direction to the trustees to accumulate the income until the incompetent son of the testator should be cured and released from medical care. Should the son of the testator die prior to being cured, the trustees were directed to distribute the corpus of the trust among the wife and other children of the testator per capita. In the event the son should be cured of his illness, the corpus of the trust was to be paid to him. Aside from a provision for payment of income to the widow in the event of her financial need, there was no provision for distribution of the income of the fund during the period of the trust. After holding that direction for the accumulation of income was invalid, the court ruled that the wife and children of the testator, the persons presumptively entitled to the next eventual estate, had a right to the income during the period limited for the continuation of the trust. This decision was followed in a comparatively recent case, *Matter of Nelson* (208 Misc. 215). There was excess income under a trust created by the testator's will for the disposition of which no provision had been made. In applying section 63 of the Real Property Law, Surrogate FRANKENTHALER said: "Even though some of the presumptive remaindermen may ultimately fail to receive their respective shares of the corpus because of failure to meet the conditions imposed by the testator, payment of proportionate shares of the income need not await the time when ultimate ownership of the property can be precisely ascertained as such a delay would permit the very accumulation which the law has forbidden and which section 63 was designed to avoid (Matter of Kohler, 96 Misc., 433, mod. 193 App. Div., 8, mod. 231 N. Y. 353; Matter of Eikelberg, 135 Misc., 581; Matter of Cortright, 200 Misc. 281)."

It seems apparent that the persons entitled to the next eventual estate are those who would take the fund at the end of the trust period, namely, the children of the present life beneficiaries of the trusts created by the aforesaid three sections. If the three life tenants of the income of the trusts created by Clauses B, D and F should die immediately, their children at the date of their death would receive the trust estate in equal shares. These children are now living. The legal presumption exists that they will continue to live until the termination of these trusts by the deaths of Henry, Mary and Margherita.

Thus, it is clear that these children are the persons presumptively entitled to the next eventual estate. The remainders are

vested in the children of the present three life tenants, and are subject to divestment only by their death prior to their parents.

My conclusion is that the testatrix did not intend the life beneficiaries of the trusts created by Clauses B, D and F of this will to receive the excess income now in the hands of the trustees, or any future surplus income and that such income should be distributed to the children of the present life beneficiaries, namely, the children of Henry A. Childs, Mary Eversley Forsdick and Margherita A. Fidao.

Submit decree accordingly on notice.