S. Samuel Di Falco, S.
In this proceeding to settle the account of trustees a construction is prayed for.
Three questions arise. The first concerns proper allocation of certain stock distributions. In paragraph Ninth of his will testator directed his fiduciaries to treat all dividends, including stock dividends, as income. This would constitute the contrary direction provided in section 17-a of the Personal Property Law. However, the five distributions in question, from the information supplied in the petition and account are obviously stock splits as defined in Matter of Payne (Bingham) (7 N Y 2d 1) as distinguished from stock dividends, and are not controlled by the language of the will. The contention of the special guardian is upheld and the action of the trustees in allocating them to principal is approved by the court.
The second question relates to disposition to be made of one fourth of the principal of the trust under paragraph Sixth of the will for the benefit of testator’s widow, which was to be held on her death subject to the provisions of paragraph Seventh for the benefit of testator’s son. Both are now dead but the son predeceased his mother leaving only a widow surviving. He was a resident of Maine. His widow was cited but has not *932 appeared. Paragraph Seventh gave the remainder of the principal of the share held in trust for the son, on his death leaving no descendants, “ to his heirs at law per stirpes ”. The nearest blood relative surviving was his mother. The court agrees with the contention of the petitioners and the special guardian that the law of testator’s domicile governs (Matter of Battell, 286 N. Y. 97; Matter of Cortright, 200 Misc. 281) and that the meaning of the term ‘ ‘ heirs at law ” is to be determined by the law in effect at the time of the life beneficiary’s death (Matter of Waring, 275 N. Y. 6). The applicable New York statutes in effect at the death of testator’s son were section 47-c and subdivision 3 of section 83 of the Decedent Estate Law. Section 47-c effective in 1938 and in effect in 1956 when the son died provides that unless the will declares otherwise the term “ heirs at law ” shall be construed to mean distributees including a surviving spouse as defined in section 83 aforesaid. However, section 47-c of the Decedent Estate Law has been uniformly held not to apply to bring a surviving spouse within the class “ heirs at law ” of a life beneficiary of a trust, where, as here, the testator died prior to the effective date of the section, even though the life beneficiary died subsequent thereto (Matter of Battell, supra; Matter of Cortright, supra; Matter of Cohn, 184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536). Although subdivision 3 of section 83 of the Decedent Estate Law provides for a surviving spouse the cases have uniformly confined £ £ heirs at law ” to blood relatives, thereby excluding a surviving spouse (Keteltas v. Keteltas, 72 N. Y. 312; Tillman v. Davis, 95 N. Y. 17; Matter of Waring, supra). The court holds that the principal of the trust for the benefit of Cornwell B. Rogers was payable on his death to his mother Anna N. Rogers.
The third question arises from the fact that upon the death of testator’s widow one fourth of the principal of the trust in ¡Daragraph Sixth of the will is directed to be hold subject to the provisions of the trust in paragraph Seventh for the benefit of testator’s daughter Grace B. Miller and another one fourth similarly for the benefit of his daughter Anna C. Mann. Under paragraph Seventh testator gave to said daughters absolutely each one half of the principal of the trust for their benefit upon arriving at age 45. They attained that age in 1938 and 1940 respectively. Their mother died in 1958. Since they had attained that age prior to her death it was not possible at that time to pay them the one-half share of her trust under paragraph Sixth. The will is silent as to whether they would receive one half of their mother’s trust in the event that they should attain said age prior to her death. It is clear from a reading of the *933 will in its entirety that it was the intent of testator that upon the death of his widow if his daughters had already attained the age designated they should be entitled to receive one half of the respective shares from the mother’s trust outright and that the remaining half be administered by the trustees in accordance with paragraph Seventh. The court holds that testator’s daughters should receive outright one half of their respective shares of the trust for their mother’s benefit in paragraph Sixth of the will as of the date of her death.