Edward S. Silver, J.
In a prior proceeding the court construed various provisions of testator’s will and determined that 'the widow’s notice of election to take against the will was invalid (47 Misc 2d 443). Pending determination of her appeal from the decree entered thereon the parties entered into an agreement, entitled stipulation and release dated March 24, 1966 and amended April 28,1966, withdrawing said appeal upon certain conditions including one that the agreement was to be null and void unless an order of this court was obtained by a fixed date approving same in all respects.
The fundamental provision in the agreement is the proposed elimination of the widow’s trust of one third of the residuary estate with income to her for life and remainder to testator’s daughter or, if she predeceases the life beneficiary, to her issue. In lieu thereof the widow would receive under the agreement a cash payment of a specified amount approximating half of the trust principal, subject to certain adjustments, and the balance of the trust principal would be added to the two-thirds residuary trust for the benefit of the daughter and her issue.
The executors and trustees have petitioned the court for approval of the proposed compromise agreement duly executed by all the parties and their attorneys, pursuant to section 19 of Decedent Estate Law. The special guardian for the infant remaindermen in his supplemental report recommends approval. There is no opposition nor any memorandum to support the application and recommendation.
The court finds that there is no authority or legal basis for elimination of the widow’s trust. Certainly her appeal from *309 the court’s decree unfavorable to her is no basis for frustration of testator’s intention in creating her trust. He did not give her or the trustees the power to appoint or to terminate the trust by invasion or otherwise (cf. Matter of Ahrens, 301 N. Y. 701; Matter of Bisconti, 306 N. Y. 442; Kemp v. Paterson, 6 N Y 2d 40). Without going into the merits of the provisions allegedly beneficial to the infants and other parties concerned, the court finds that testator created a valid trust for the widow with only income to her for life and not terminable before her death. The court holds that the trust is indestructible (see Matter of Bowers, 2 Misc 2d 482, 484, and cases cited) and disapproves the compromise agreement.