Otto C. Jaeger, S.
In this trustees’ accounting proceeding the income beneficiary has filed objections to the allocation of certain stock distributions to principal.
In paragraph “ eighth ” of her will testatrix created a trust with income payable to her daughter for life. The remainder was bequeathed to testatrix’ oousin, or if she should predecease the life beneficiary, to the cousin’s issue.
Paragraph “ ninth ”, insofar as pertinent provides: “In every case of an extraordinary cash or stock dividend, any such dividend is to be distributable wholly as income, regardless of the fact that the so doing may result in an encroachment upon the principal of the trust hereby created. ’ ’
As the result of a stock split, the trustees received an additional share of the common stock of Union Carbide Corporation for each share already held. The distribution accrued on May 6, 1965, the date specified by the corporation as that on which the stockholders of record entitled to such distribution were to be determined. (Personal Property Law, § 27-e, subd. 11; former § 17-e.)
The trustees have also received a distribution of one additional share of the common stock of American Cyanamid Company for each share already held. The distribution accrued on April 18,1966, the date of record.
The dates of accrual are significant in that section 27-e of the Personal Property Law, effective June 1, 1965, is applicable only to stock distributions which accrued subsequent to such effective date. Therefore, the statute is applicable to the American Cyanamid distribution, which accrued subsequent to June 1, 1965, but not to the Union Carbide distribution which accrued prior thereto.
The parties have stipulated that the Union Carbide distribution was a stock split and not a dividend. Unless the will provides otherwise, a stock split (prior to June 1, 1965) is to be treated as principal (Matter of Lissberger, 189 Misc. 277, affd. 273 App. Div. 881; Matter of Clark, 25 Misc 2d 506; Matter of Lindsay, 11 Misc 2d 374; Matter of Carlson, 16 A D 2d 28, affd. 12 N Y 2d 1047). Theretofore, the only question to be decided by the court in relation to the Union Carbide distribution is whether the testator provided in his will that shares of stock received pursuant to a split are to be treated as income.
The will contains no such provision. Testator provided only that dividends were to be distributable as income, ‘ ‘ regardless of the fact that the so doing may result in an encroachment upon the principal ’ ’. Am extraordinary cash dividend or a stock dividend may result in the impairment of the intrinsic or intact *317 value of stock held in trust when the dividend results in whole or in part from a capitalization of income surplus which accrued prior to the acquisition of the original shares by the trust (Matter of Osborne, 209 N. Y. 450). The testator said, in effect, that whether or not there was such an encroachment upon the principal of the trust, dividends were to be treated as income, payable to the income beneficiary. The provision, however, was expressly limited to dividends. No mention was made of additional shares received as the result of a split. The distinction between a split and a dividend has been noted in numerous decisions (Matter of Fosdick, 4 N Y 2d 646; Matter of Lawrie, 119 N. Y. S. 2d 906) and in the absence of clear and compelling language, the courts have refused to construe a direction for the allocation of dividends to income so as to include stock distributions which are in fact not dividends but splits (Matter of Horrmann, 3 A D 2d 5; Matter of Booth, 18 A D 2d 985, affd. 14 N Y 2d 554; Matter of Rogers, 39 Misc 2d 930; Matter of Berger, 6 Misc 2d 468).
The additional shares of Union Carbide common stock have been properly allocated to principal.
As previously mentioned, the American Cyanamid distribution is controlled by section 27-e of the Personal Property Law. Subdivision 2 of said section which according to the effect of subdivision 1, would apply in the absence of some other lawful provision in the will creating the trust, provides: “ A distribution by a corporation or association made to a trustee in the shares of the distributing corporation or association held in such trust, whether in the form of a stock split or a stock dividend, at the rate of six per cent or less of the shares upon which the distribution is made, shall be income. Any such distribution at a greater rate shall be principal. ’ ’
Since the American Cyanamid distribution is at a rate greater than 6%, it is principal unless the will provides otherwise. In determining whether the will provides otherwise, certain definitions and rules of construction “ shall apply Paragraph (a) of subdivision 3 provides that ‘ ‘ A stock dividend or distribution in the shares of the distributing corporation or association shall mean a distribution in the shares of the distributing corporation or association, whether in the form of a stock split or a stock dividend, at the rate of six per cent or less of the shares upon which the distribution is made.”
The will provided that stock dividends are to be allocated to income. Since, however, a stock dividend is to be construed as a distribution at the rate of 6% or less, the testamentary provision is not a direction to treat as income distributions *318 at a greater rate which accrue after the effective date of the statute.
The attorney for the respondent points to paragraph (b) of subdivision 3 of the section which provides that a stock dividend or distribution at a rate of six per cent or less " shall be deemed to be ordinary ’ ’. He argues that inferentially a distribution at a rate greater than 6% is “extraordinary” and that the testator provided that extraordinary stock dividends were to be income.
It is not necessary to analyze the statutory construction urged in behalf of respondent since the court does not construe the testamentary provision as distinguishing between ordinary and extraordinary stock dividends. The testator referred to an ' ‘ extraordinary cash or stock dividend ’ At the time the will was executed, former section 17-a of the Personal Property Law was in effect. The section provided that in the absence of a contrary provision in the will, any dividend payable in stock shall be principal and not income of the trust. The section made no distinction between ordinary and extraordinary stock dividends. It would be unreasonable to hold that the testator intended to make such a distinction with the effect that extraordinary stock dividends would be income pursuant to the will, but ordinary stock dividends would be principal as directed by the statute.
The word “ extraordinary ” was used in the will in connection with cash dividends. The use of the word undoubtedly resulted from the distinction made in the cases between ordinary and extraordinary cash dividends. In Matter of Osborne (supra), and subsequent cases, it was held that ordinary cash dividends are income, but extraordinary cash dividends are principal to the extent that they encroach upon the corpus of the trust. In order to assure that all extraordinary cash dividends would be distributable as income, it was necessary to so provide in the will. Ho such provision was necessary with regard to ordinary cash dividends.
The will is construed as providing that all extraordinary cash dividends and all stock dividends are distributable as income. Since, however, the term ' ‘ stock dividend ’ ’ is construed, as required by the statute, as a distribution at the rate of 6% or less, and since the American Cyanamid distribution is at a greater rate, the distribution is properly allocable to principal.
Objections 1 through 6 are overruled.
The executors of the deceased trustee will be awarded as the reasonable compensation for the services performed by such deceased trustee in behalf of the estate accounted for, an *319 amount at the rates prescribed by SOPA 2309, equal to the sum of the following: (a) a principal paying commission on all sums actually paid by such deceased trustee; (b) annual commissions prorated to the date of death of such deceased trustee. It appears that the executors of the deceased trustee have been paid $38.29 in excess of the compensation allowed herein. Such excess shall be repaid with interest at the rate of 6% per annum from the date of payment.
The objection to Schedule “ 0-1 ” of the account is overruled. The fair and reasonable value of the attorneys’ fees is hereby fixed and determined in the amount of $5,000 for all legal services rendered and to be rendered to and including the settlement of the decree to be made herein, in addition to disbursements in the reduced amount of $11.70.