S. Samuel Di Falco, S.
In this proceeding a question is presented as to the distribution of the remaining principal of the trust accounted for. The testator died in 1925. His will was *395 admitted to probate here and provided for two trusts each for the benefit of his children Thomas Franklyn Manville, Jr. and Lorraine Manville Gould, the mother of the respondent Lorraine Manville Amato. Each trust was initially funded with the sum of $2,000,000.
In the trust under consideration the testator’s son was the life beneficiary of income until he was aged 60 years. At that time he was paid $1,000,000 from trust principal. The son died in 1967 at the age of 73. Article seventh of the will directs the trustee to then distribute the ‘ ‘ principal of said trust estate then in their hands with any accumulation thereon to such person or persons or in such manner as my said son, by his last will and testament, may direct, and if my son shall leave no last will and testament then such sum they shall pay over to his heirs at law under the laws of the State of New York.”
In 1942 the son made a complete relinquishment of the power of appointment granted under this will. That instrument provides : ‘ ‘ now, therefore, the undersigned, thomas franklyn manville, jr., does hereby irrevocably and forever release, renounce, surrender and relinquish the power of appointment conferred upon him by virtue of the provisions of said article “ seventh ” of said Last Will and Testament of thomas franklyn manville, deceased, and all right to accept or exercise the same, intending hereby to divest himself completely of all rights and privileges granted to him by and under such power of appointment and to preclude himself absolutely and forever and irrevocably from ever exercising or acting upon said power of appointment, so that upon the termination of said trust said Trustee shall distribute the property then constituting the principal thereof in the manner and to the persons who may be entitled thereto as in said Article “ seventh ” provided in the event of the failure of the undersigned to exercise said power of appointment. ’ ’
The trustee and Lorraine Manville Amato, granddaughter of the testator and niece of the life beneficiary, claim that she is the only person entitled to take the remainder of this trust as an “ heir at law ”.
Thomas Manville, Jr., was survived by his niece Lorraine Manville Amato, his widow Christina Manville Popa (who has since remarried), no issue, no ancestors, and no brothers or sisters. His only sister Lorraine Manville Gould, predeceased her brother in 1959 leaving one child, the respondent Lorraine Manville Amato.
The widow of Thomas Franklyn Manville, Jr., contends that the class “ heirs at law” was intended by the testator to be *396 determined as of the date of the life beneficiary’s death; and that on October 8, 1967, according to the laws of the State of New York, she was the sole “ heir at law ” of the life beneficiary and accordingly entitled to the balance of approximately $1,000,000.
In 1959 Surrogate Cox construed the companion trust for the benefit of testator’s daughter which had then terminated because of her death. That trust was in identical language to the instant trust. The court held that the gift to the distributees of the life tenant became effective by reason of her failure to exercise her testamentary power of appointment.
It is the opinion of the court that the niece and only blood relative of the son is entitled to this fund under the law of the State of New York in effect on October 19, 1925 the date of the testator’s death. As in the case of his sister, testator’s son had completely relinquished the power to appoint.
It is well established that the term 1 ‘ heirs at law ” is to be determined by the law in effect at the time of the testator’s death (Matter of Waring, 275 N. Y. 6). Under the law applicable at the time the testator died in 1925, a surviving spouse was not within the class described in the will as “ heirs at law ”. In 1930, with the revision of the Decedent Estate Law, for the first time a wife became entitled to take real property of the decedent by intestacy. In 1938, one year after the Waring case was decided, section 47-c of the Decedent Estate Law became effective and provided that the words ‘ ‘ heirs at law ’ ’ shall be construed to include a distributee. Many cases since have held that section 47-c does not serve to bring a surviving spouse within the class of “heirs at law” of a life beneficiary of a trust where, as in this case, the testator diedyprior — to-the- effective date of the section, even though the life beneficiary died subsequent thereto (Matter of Battell, 286 N. Y. 97; Matter of Cortright, 200 Misc. 281; Matter of Cohn, 184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536; Matter of Rogers, 39 Misc 2d 930). Despite the provisions of section 83 of the Decedent Estate Law and EPTL 4-1.1 for a surviving spouse, the cases have confined “ heirs at law ” to blood relatives, thereby excluding a surviving spouse (Keteltas v. Keteltas, 72 N. Y. 312; Tillman v. Davis, 95 N. Y. 17; Matter of Waring, supra; Matter of Lefferts, 112 N. Y. S. 2d 874, affd. 281 App. Div. 653; Matter of Post, 61 Misc 2d 98).
The widow’s argument is buttressed upon Matter of Angarica (157 Misc. 98) and Matter of Scudder (156 Misc. 633) (both of these cases were decided in 1935). In Matter of Waring (275 N. Y. 6, supra) (decided two years later) the Court of Appeals *397 held that a remainder interest to a life beneficiary’s next of kin did not vest in his widow in a similar situation. In Matter of Wolf (284 N. Y. 644 [1940]) that court ruled similarly in respect of ‘1 heirs at law and next of kin ’ ’. It appears that the Angarica and Scudder cases were cited to the Court of Appeals by the unsuccessful party in the Waring case (see 275 N. Y., at p. 8).
The court holds that under the provisions of sections of the Decedent Estate Law in effect in 1925, the respondent Lorraine Manville Amato is entitled to the principal of the trust held for the benefit of Thomas Franklyn Manville, Jr. as his only “ heir at law”. The widow of the life beneficiary does not have a remainder interest in this trust as an “ heir at law ’ ’ of her husband. The EPTL, in effect on the date of the life beneficiary’s death, by its explicit terms is inapplicable to the estate of a decedent who died in 1925 (see EPTL 14-1.1 and L. 1929, ch. 229, _§ 21).
Submit decree on notice construing the will and settling the account accordingly.